UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH N.,

                                       Plaintiff,

                                  DECISION AND ORDER

                                  20-CV-1690L

              v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                  Defendant.
_____

## PRELIMINARY STATEMENT

Plaintiff brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner").

On October 1, 2018, plaintiff, then forty-four years old, filed an application for a period of disability and disability insurance benefits under Title II of the Act, alleging disability beginning on February 5, 2016. That application was denied on November 7, 2018. (Dkt. #8 at 25). Plaintiff requested a hearing, which was held on April 30, 2020 via teleconference before administrative law judge ("ALJ") Alexander Peter Borré. Plaintiff and vocational expert Peter Manzi appeared and testified.

The ALJ issued a decision on June 19, 2020, finding plaintiff not disabled. (Dkt. #8 at 25-36). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 16, 2020. (Dkt. #8 at 1-3). This appeal followed.

The plaintiff has moved for judgment on the pleadings requesting remand of the matter for further proceedings (Dkt. #9), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #10), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-settled five step sequential evaluation, and the Court assumes the reader's familiarity therewith. *See Bowen v. City of New York*, 476 U.S. 467, 470 71 (1986). See 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, which documented treatment for degenerative disc disease of the thoracic and lumbar spine, status post cervical fusion and discectomy, diabetes mellitus, post-traumatic stress syndrome, bipolar disorder, and major depressive disorder. The ALJ found that these were severe impairments not meeting or equaling a listed impairment. (Dkt. #8 at 28).

Applying the special technique for mental impairments, the ALJ determined that plaintiff has a mild limitation in understanding, applying, and remembering information; a moderate limitation in interacting with others; a moderate limitation in concentration, persistence, and pace; and a mild limitation in adapting or managing himself. (Dkt. #8 at 29-30).

The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform light work, except that he cannot climb ladders, ropers, or scaffolds, or tolerate hazards such as

open moving machinery or unprotected heights. He can no more than occasionally climb ramps or stairs, stoop, kneel, crouch, or crawl. He can occasionally reach overhead with his bilateral upper extremities, and can frequently handle and finger bilaterally. He is limited to simple, repetitive tasks in an environment with no public interaction, and no more than occasional interaction with coworkers and supervisors. (Dkt. #8 at 30).

When presented with this RFC at the hearing, the vocational expert testified that an individual with these limitations would be unable to perform plaintiff's past relevant work as a loader (a "heavy" exertion position, performed by plaintiff as "very heavy"). However, such an individual could perform the representative light exertion positions of laundry sorter, bagger, and inspector hand packager. (Dkt. #8 at 35-36). The ALJ accordingly found plaintiff not disabled.

### I. The ALJ's Exertional RFC Finding

Plaintiff primarily argues that the ALJ's RFC finding was not supported by substantial evidence, because the ALJ failed to properly weigh the medical opinion evidence of record, and thus improperly substituted his lay opinion for competent medical opinion.

The Court concurs. With respect to plaintiff's exertional RFC, the record contained just one medical opinion, the contents of which were insufficient for the ALJ to make a well-supported RFC finding. Plaintiff's primary care physician, Dr. Diana Vakante, began treating plaintiff in or about June 13, 2016 (Dkt. #8 at 540). In an opinion rendered January 21, 2020, she identified plaintiffs' diagnoses as: (1) chronic neck pain, right knee pain, and "severe" back pain due to osteoarthritis and degenerative disc disease; (2) major depressive disorder; (3) posttraumatic stress disorder; and (4) anxiety, and noted that his prognosis was "poor," and likely to worsen over time. (Dkt. #8 at 648-52). She noted that "standing, sitting, climbing upstairs makes [plaintiff's pain] worse," and that "rage [and] anger" issues limited plaintiff's ability to perform even low stress

3

jobs or interact with supervisors. *Id*. Dr. Vakante also identified "blurry vision due to diabetes" and diminished hearing, and suggested that plaintiff should be limited to "dark" workspaces, as "noise and light cause irritability." *Id*. However, Dr. Vakante declined to indicate any other specific functional limitations in quantifiable terms, such as the amount of time plaintiff could sit or the amount of weight he could lift, simply writing on those sections of the form, "unable to assess." *Id*.

On November 6, 2018, state agency reviewers J. Lawrence and Dr. S. Juriga opined that the record was not sufficiently complete to permit evaluation of plaintiff's claim, either with respect to his exertional RFC or his mental RFC, and that his claim should accordingly be denied. (Dkt. #8 at 159-65). The ALJ found Dr. Vakante's opinion to be unpersuasive because it was vague and provided no function-by-function analysis of plaintiff's limitations, and found the agency reviewers' opinions unpersuasive because they failed to identify any limitations. (Dkt. #9 at 36).

While the Court finds no error in the ALJ's determination that Dr. Vakante's opinion was not persuasive to the extent that it provided little meaningful assessment of plaintiff's exertional limitations, the complete lack of medical opinion evidence in the record concerning those limitations presented an obvious gap which deprived the ALJ's RFC finding of adequate evidentiary support.

As a general rule, although an ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision," *Matta v. Astrue*, 508 Fed. App'x 53, 56 (2d Cir. 2013), "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Maria J. v. Commissioner*, U.S. Dist. LEXIS 233237 at *14-*15 (W.D.N.Y. 2020) (quoting *Wilson v. Colvin*, 2015 U.S. Dist. LEXIS 27804 at 54

(W.D.N.Y. 2015)). Thus, "[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities,' . . . the Commissioner 'may not make the connection h[er]self.'" *Maria J.*, 2020 U.S. Dist. LEXIS 233237 at *15 (quoting *Nanartowich v. Commissioner*, 2018 U.S. Dist. LEXIS 82649 at *27-*28 (W.D.N.Y. 2018)).

It is true that in certain circumstances, where the medical evidence shows physical impairments so minor as to permit the ALJ to "render a common sense judgment about functional capacity," *Dagonese v. Commissioner*, 2020 U.S. Dist. LEXIS 100124 at *14 (W.D.N.Y. 2020), an ALJ may formulate an RFC finding based on other evidence of record, such as treatment notes and activities of daily living. *See Tankisi v. Commissioner*, 521 F. App'x 29, 34 (2d Cir. 2013) (summary order) ("remand is not always required when an ALJ fails in his duty to request opinions, particularly where, as here, the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity"). However, such circumstances are not present here.

Initially, plaintiff's impairments were not "minor": as the ALJ found, plaintiff suffered from a lengthy history of severe spinal impairments, confirmed by imaging studies, which had required two surgeries and ongoing pain management and physical therapy, and were not expected to improve.

Furthermore, even if plaintiff's impairments had been minor and the ALJ had thus been entitled to make a "common sense" determination untethered to any medical opinion, the ALJ's RFC finding was not sufficiently supported by the record.

In explaining the basis for his decision, the ALJ acknowledged that diagnostic imaging showed "complete annular tears and fractures of cartilage substance at each of the 3 levels at L3-4, L4-5, L5-S1," with "diffuse thoracic spondylosis with degenerative disc disease," and "multilevel

5

disc herniations." (Dkt. #8 at 32). However, the ALJ found that this evidence was insufficient to show more significant limitations, in light of a number of "normal" examination findings (e.g., normal gait, normal strength), and plaintiff's activities of daily living, such as caring for pets, performing housework and yardwork, driving, and watching television. (Dkt. #8 at 31).

With respect to plaintiff's activities of daily living, the activities identified by the ALJ, such as driving or performing simple household tasks, do not necessarily correspond to an ability to perform the postural and exertional demands of a range of light work on a consistent daily basis, such as lifting up to 20 pounds, and engaging in significant standing and walking. In any event, "[c]onsideration of . . . lay testimony is not a substitute for proper consideration of a [] physician's medical opinion." *Greek v. Colvin*, 802 F.3d 370, 376 (2d Cir. 2015). *See also Maddox v. Saul*, 2020 U.S. Dist. LEXIS 168956 at *19 (W.D.N.Y. 2020)("[a]lthough the ALJ relied on [p]laintiff's testimony regarding his activities of daily living, that evidence is insufficient [by itself] to support [a] finding of 'light work'").

As far as the ALJ's attempt to cobble together an RFC finding by reconciling plaintiff's diagnostic imaging tests with his objective examination findings, that undertaking was manifestly an improper layperson interpretation of "bare medical findings." *Maria J.*, U.S. Dist. LEXIS 233237 at *14-*15. Where, as here, the lack of relevant medical opinion evidence presented an obvious gap in the record, the "ALJ ha[d] an affirmative duty to develop the record due to the 'essentially non-adversarial nature of a benefits proceeding.'" *Emery S. v. Commissioner*, 2021 U.S. Dist. LEXIS 118218 at *16 (W.D.N.Y. 2021)(quoting *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996)).

In sum, the record lacked any medical opinion offering a function-by-function assessment of plaintiff's exertional abilities, and plaintiff's diagnostic imaging tests, treatment notes and

activities of daily living did not offer sufficient information about his exertional and postural limitations to support the detailed RFC determination reached by the ALJ. As such, the ALJ's findings amounted to an improper substitution of his "own expertise or view of the medical proof [in place of] any competent medical opinion," and remand is appropriate. *Greek*, 802 F.3d 370 at 375.

Because the Court finds that remand is necessary and orders the rendering of an entirely new decision based on a completed record, the Court declines to reach plaintiff's alternative argument, that the ALJ committed similar errors in assessing the opinions of plaintiff's mental health care providers with respect to his nonexertional limitations.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings (Dkt. #9) is granted, the Commissioner's cross motion (Dkt. #10) is denied, and the matter is remanded for further proceedings.

On remand, the ALJ is directed to complete the record by recontacting plaintiff's treating and examining physicians, and/or obtaining consultative medical opinions, with the goal of obtaining specific function-by-function assessments of plaintiff's exertional and nonexertional residual functional capacity. The ALJ must then reach a new disability determination which is supported by substantial evidence.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 28, 2022.